Dear Mr. Pucheu:
Your opinion request to the Attorney General has been referred to me for response. The question presented deals with efforts to compromise an ongoing civil service matter involving a Lt. Smith, a former Assistant Chief of Police. A citizen complaint was made to the Board which provoked an investigation and ultimately this request. The operative facts causing the complaint are stated in your request as follows.
 "Lt. Smith offered to compromise a lower court's decision awarding his back pay and a return to the position of Assistant Chief of Police by giving up the back pay award if the parties against whom the district court decision was rendered would not appeal the decision. Was this an "offer" to obtain an "advantage" in a civil service position, i.e. Acting Chief of Police?"
Your specific questions are:
 1. Did the conduct of Lt. Smith or the City of Eunice violate LSA-R.S. 33:2565?
 2. If the conduct did violate the above statute, are the penalties in LSA-R.S. 33:2567 the only sanctions available or can LSA-R.S. 33:2560 be used to determine punishment?
The statute in question, LSA-R.S. 33:2565 states in pertinent part as follows:
 "No person shall: Directly or indirectly give, render, pay, offer, solicit or accept any money, service or other valuable consideration for or on account of any appointment, proposed appointment, promotion or proposed promotion to, or any advantage in, a position in the classified service."
In this instance, pursuant to a court decision, Mr. Smith was entitled to a sum of back pay and reinstatement to the position of Assistant Chief of Police. He offered to give up the award of back pay if the parties against whom the district court decision was rendered would not appeal the decision. While what he offered to give up, namely the back pay award, was arguably "valuable consideration", he did not offer it in return for any advantage in the civil service. He was entitled, as a matter of law, to the reinstatement and his offer to give up the back pay award was in furtherance of efforts to end the litigation. This does not fall within the scope of the policy underlying LSA-R.S. 33:2565. Therefore neither party to the compromise violated this statute. Since there was no violation of this statute your question as to the appropriate sanction provision for such a violation is moot.
In sum, the statute LSA-R.S. 33:2565 simply does not apply to the type of settlement negotiations undertaken in this matter.
Therefore neither the conduct of Lt. Smith or the City violated the statute.
Trusting the above answers your question, we remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ JAMES M. ROSS Assistant Attorney General
RPI/JMR:cdw
WP51:94-279
Mr. Jacque B. Pucheu Attorney for the Eunice Municipal Fire and Police Civil Service Board 106 Park Avenue P.O. Box 1109 Eunice, LA 70535-1109
DATE RECEIVED: 5-27-94
DATE RELEASED:
JAMES M. ROSS Assistant Attorney General